THE MANCHESTER BUILDING AND LOAN ASSOCIATION, DEFENDANT IN ERROR, v. JAMES A. GRAHAM AND GEORGE W. ALLEE, PLAINTIFFS IN ERROR.

Argued November 10, 1908—Decided April 30, 1909.

A surety upon a bond deposited in escrow, which was to be delivered to the obligee only upon the occurrence of a certain condition, knew of its delivery to the obligee by the depositary without such condition having occurred, but made no objection to such delivery, either to the obligee or to the depositary. He then accepted from the depositary a deed for certain real property, which had also been deposited in escrow to indemnify the surety in case of liability upon the bond, and improved the property and paid taxes assessed upon it, remaining silent respecting the delivery of the

bond for fourteen months, when suit was brought upon it. Meantime so much of the assets of the debtor had thus been turned over to the surety, the obligee being in a position to rely upon the bond and refraining from resorting to that property or any other belonging to the principal. *Held*, whether the ground be styled estoppel *in pais* or ratification of authority, in view of this conduct the surety had ratified the act of the depositary in delivering the bond to the obligee.

On error to Passaic Circuit Court.

Before Justices REED, BERGEN and MINTURN.

For the defendant in error, *Jacob Willard De Yoe* and *Michael Dunn*.

For the plaintiffs in error, *William B. Gourley*.

The opinion of the court was delivered by

REED, J. This is an action on a bond made by George B. Allee and James A. Graham to the Manchester Building and Loan Association conditioned for the payment of $2,000.

The execution of the bond arose from the following situation: George W. Allee had been secretary of the Manchester Building and Loan Association and was in arrears in his accounts with the association about $14,000. To assist in making restitution of the amount of this deficit, Mr. Allee and Mr. Graham, on the 21st of May, 1906, executed this bond to the association and left the same in the possession of Senator McKee, who was the counsel for Mr. Allee. The bond, together with another bond, and cash, amounting in all to the deficit, was turned over to the association by Senator McKee on June 9th, 1906.

On the trial of the action on the bond the defence interposed was that the bond was placed in the hands of Senator McKee in escrow upon a condition which never occurred; that there was no power in McKee to deliver, as he did, the bond to the building and loan association.

What this condition was it is difficult to ascertain, as each of the plaintiff's witnesses state it differently.    Mr. Van Noordt, one of plaintiff's witnesses, said that the bond was signed on May 21st in McKee's office, Allee, Graham and the witness being present.    He says that the bond was talked over, and that he, the witness, said: "Now, it is understood that this bond is to be held on the same condition as the Katz bond; that it is not to be delivered up if Mr. Allee is prosecuted."    He says Mr. McKee said: "Yes; they would go before the grand jury and say that it was all made good."    He said: "That bond will be kept here for use when they carry out their agreement."

Mr. Graham testified that Mr. McKee said "that the bond would be put in his safe and kept there if Allee was prosecuted and sent to jail; that they would not use it."

Allee was indicted for his embezzlement on May 21st, 1906, the day the bond was executed.    He was arraigned on May 25th and pleaded not guilty.    He retracted his plea of not guilty and pleaded *non vult* on June 11th, and was sentenced on June 25th to one year's hard labor in the state prison.  ·

It appears that on the day the bond was signed, May 21st, Mr. Allee made a deed for some real estate to Mr. Graham to secure him against his liability upon this bond, and this deed was left with Senator McKee.    It appears that on June 22d Graham went to Senator McKee and received this deed and put it upon record.

Mr. Graham testified that he heard on that date that the bond had been given up by McKee and he went and got the deed.    He testified that after this he improved the property so deeded to him and paid interest upon the mortgage on the property, and that he never made any demand upon the building and loan association for the bond.

This action was begun on July 25th, 1907, and tried on February 3d, 1908.    A verdict was directed for the plaintiff upon the ground that Graham was estopped from setting up the non-delivery of the bond by his conduct of silence respecting its delivery, and taking from McKee the possession of the deed and thereafter holding it.

We think that the direction of the verdict for the plaintiff was correct whether the ground for this judicial action be styled estoppel *in pais* or ratification of authority of McKee to deliver up the bond to the association.

McKee, if the condition was imposed upon him, was a special agent. *Black* v. *Shreve,* 2 *Beas.* 455. Graham, of course, knew of the condition imposed. He knew on June 22d that the alleged contingency upon which the bond was to be delivered had not occurred, and never could occur, yet on that day he went to McKee's office, got his deed given to secure him for his liability on the bond, and said no word to McKee intimating that he, McKee, had violated his instructions in delivering the bond to the building and loan association. He said nothing to the obligee to whom McKee had delivered the bond to warn them that McKee had made the delivery without authority. The bond remained in the hands of the obligee for fourteen months before action was begun upon it, and even then there was no notice in the defendant's plea that the agent had violated the conditions upon which it had been put into his hands.

A part of the assets of the debtor had been turned over to Graham. While the building and loan association supposed that the delivery of the bond was perfect, they could rely upon it as the payment of Allee's debt and so refrain from any resort to this or any other property legally or equitably belonging to Allee.

In view of this conduct, we think Graham had ratified the act of McKee in delivering the bond to the plaintiffs. *Chetwood* v. *Berrian,* 12 *Stew. Eq.* 203, and cases cited on *p.* 210.

The judgment is affirmed.